# EXHIBIT C

```
 1                UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
 2

 3   TOLGA ULUSEMRE, et al.,

 4      Plaintiffs,

 5   v.                                Case No. 24-4095-TC-ADM

 6   MICHELLE DOMBROSKY, et al.,       Topeka, Kansas
                                       Date: June 2, 2025
 7     Defendants.
     .....................             (Pages 1-47)
 8

 9                       TRANSCRIPT OF
               MOTION FOR PRELIMINARY INJUNCTION
10
                BEFORE THE HONORABLE TOBY CROUSE
11             UNITED STATES DISTRICT COURT JUDGE

12
     APPEARANCES:
13
      For the Plaintiffs:          Mr. Tolga Ulusemre
14                                 [Pro se]
                                   13982 West 147th Street
15                                 Olathe, Kansas  66062

16
      For the Defendants
17    Michelle Dombrosky, et al.;  Ms. Katherine Sittenauer
                                   Fisher, Patterson, Sayler
18                                      & Smith, LLP
                                   3550 Southwest Fifth Street
19                                 Topeka, Kansas 66606

20    For the Defendants
      Melissa Hillman, et al.;     Mr. W. Joseph Hatley
21                                 Spencer Fane, LLP
                                   1000 Walnut Street
22                                 Suite 1400
                                   Kansas City, Missouri 64106
23

24   _____
             Proceedings recorded by machine shorthand,
25      transcript produced by computer-aided transcription.
```

1	And to the extent that there is a weighing of the
2	harms, I'm not sure that the demonstration from plaintiff has
3	demonstrated that his interests or the harm to him outweighs
4	the potential harm to the other side.
5	    I do think that the implication of the First Amendment
6	always gives rise to a significant public interest.  But as of
7	right now I'm not sure that I can demonstrate or I can point to
8	anything in the record that would suggest substantial
9	likelihood that there has been a First Amendment violation.
10	    And so I am going to deny the motion under Rule 65.
11	So that is Document 80.  We will reflect a minute sheet
12	indicating as much and I will not be issuing a written decision
13	from this.
14	    The next thing we need to do is somebody mentioned --
15	and I'm probably going to get the state of affairs wrong, but
16	I'm going to wind up and tell you what I currently understand
17	the state of play to be.  I believe that there is a motion to
18	extend the time to answer, Document 105 -- well, actually I
19	don't know, I can't -- there are so many motions on this docket
20	sheet about things that I can't entirely appreciate how they
21	have come up.
22	    Mr. Hatley, you mentioned there was a request for
23	additional time.  Maybe help me figure that out so that we can
24	get that resolved.
25	    MR. HATLEY:  Sure.  Your Honor, Mr. Ulusemre filed a

Case 5:24-cv-04095-TC-ADM   Document 135-3   Filed 06/25/25   Page 4 of 8
Case 2:25-cv-02457-CGEB   Document 113-3   Filed 06/25/25   Page 37 of 47
24-4095   Ulusemre, et al. v. Dombrosky, et al.   06.02.25   37

```
 1   second amended complaint --
 2           THE COURT:  Right.
 3           MR. HATLEY:  -- that added some individual defendants
 4   for Blue Valley, current and former employees, and also
 5   continued the case against some of the current and former
 6   employees who were named in the first amended complaint.
 7           We had agreed upon a common response date for everyone
 8   of I believe today, which is 60 days after the waiver of
 9   service was filed with respect to the newly added defendants.
10   As we indicated in our motion, we had a lot going on in our
11   office.  The folks who work on this case, we were all actually
12   supposed to be in Platte County for a jury trial today.  The
13   judge there continued it.  So we don't need the time that we
14   were asking for, I think we mentioned June 30.  I think the end
15   of this week will be plenty of time.
16           THE COURT:  So help me -- and I apologize for
17   interrupting you.  Which motion or which pleading do you need
18   to file a response to?
19           MR. HATLEY:  The second amended complaint.
20           THE COURT:  Okay.  So the second amended complaint
21   being --
22           MR. HATLEY:  I didn't connect on wi-fi or I could
23   help.
24           THE COURT:  -- Document No. 56.
25           MR. HATLEY:  I believe that's correct.
```

```
 1              THE COURT:  There you have obtained an extension to
 2     respond to it for all of the defendants listed in there?
 3              MR. HATLEY:  Well, for the -- what we call the Blue
 4     Valley individual defendants.  I think it's the first 18 people
 5     listed under the V.  I think the people after that are
 6     employees of Kansas State Department of Education.  He's also
 7     named Cliff Cohen, his former attorney, maybe somebody else.
 8     But it's the -- I believe it's the first 18 people who are
 9     listed on that second amended complaint as defendants.  They're
10     all current or former employees of Blue Valley.
11              THE COURT:  And so you are making effectively an oral
12     motion for additional time to file a response to the second
13     amended complaint for those people?
14              MR. HATLEY:  Well, technically I'm actually modifying
15     the current motion we have on file.
16              THE COURT:  Which one was that?
17              MR. HATLEY:  Document -- I didn't hook up to wi-fi so
18     I can't give the court a document number, but I believe we
19     filed it on Tuesday or Wednesday of last week so that we could
20     meet the three-day advance notice deadline set by local rules.
21              THE COURT:  Oh, okay.  So maybe Document 105?
22              MR. HATLEY:  That sounds been right.  And in that
23     motion we had asked to June 30 between jury trial this week and
24     a variety of other things going on.
25              THE COURT:  Okay.
```

1   MR. HATLEY:  But with that trial being continued, we
2   now have time this week to get that finished up and I think
3   this Friday will be plenty of time.  We had also included in
4   that a motion for extra pages.  I know the court is generally
5   disinclined to grant those motions, we felt like this case
6   might be a good reason for an exception to that because we've
7   got 18 defendants' factual bases to -- each of them might vary.
8   Some there's going to be a lot of overlap, there may be some
9   where it's separate.
10        And so we mentioned in the motion I guess we could
11   have sort of gotten around the restriction by filing a separate
12   motion for each defendant, but I don't think that's the most
13   efficient way to do it either for us or for the court to
14   review.  But packing the facts asserted as to each defendant
15   along with legal analysis would be pretty tough with a 15-page
16   limit given the number of defendants we have.
17        THE COURT:  Mr. Ulusemre, your thoughts relative to
18   Mr. Hatley's motion for extension of time, which was
19   Document 105?  Those are granted in the ordinary course, but I
20   think you mentioned at the outset that you had an objection.
21   Do you want to put that on the record?
22        MR. ULUSEMRE:  Yes, Your Honor.  We have an objection.
23   They received the second amended complaint on February 4.  They
24   had enough time to -- so we agreed to, you know, give them an
25   extension.  They got one extension, a long one, so they had

1  months to work on this.  And they -- they filed a motion to
2  dismiss claims against Ms. Woltman, Defendant Joann Woltman.
3  So they -- it's obvious they started from the easiest defendant
4  because the claims are specific.  It's a difficult dismissal;
5  they need time just to make up stuff basically, Your Honor.
6           THE COURT:  Okay.  I'm going to --
7           MR. ULUSEMRE:  To make up new narratives, to find
8  holes in the -- to nitpick the second amended complaint.  And
9  they've been doing that since -- you know, we've been dealing
10 with them since the due process hearing last summer.  So they
11 got extensions for professional development; for vacation even
12 they asked for extension.  Always they have the other cases to
13 deal with.  So they treat our case like a -- like of secondary
14 importance case, so they have better -- more important cases to
15 deal with.
16          THE COURT:  Okay.  As I mentioned, these types of
17 motions are granted not infrequently just as a matter of
18 course, and I can appreciate your maybe raw feelings, Mr.
19 Ulusemre, about that.  But as I mentioned, lawyers kind of give
20 those common courtesies and so I'm going to grant Document 105.
21          I'm going to give those defendants identified in
22 Document 105 until June 9th to file their answer or other
23 response to the second amended complaint.  I am going to deny
24 the motion for leave to file in excess of pages.  I can
25 appreciate that there are multiple defendants, but I trust that

```
 1   the skilled lawyers who will be preparing that document will be
 2   able to identify common threads that they can save space on.
 3   And of course there's no need to duplicate the factual
 4   allegations in the amended complaint because I have to take all
 5   well-pleaded factual allegations as true.  So we will resolve
 6   that motion.
 7            Let me also talk to you about -- I mentioned when I
 8   was trying to grab on to these there are a variety of motions,
 9   including a motion to dismiss filed by Ms. Dombroski, which is
10   Document No. 76, and Ms. Woltman that Mr. Hatley has already
11   filed a motion to dismiss on.
12            What is the status of those pleadings?  Where are we?
13            MS. SITTENAUER:  Your Honor, we filed both our motions
14   to dismiss and our reply for Ms. Dombroski already.
15            THE COURT:  Okay.  So the motion to dismiss, Document
16   No. 76, is fully briefed?
17            MS. SITTENAUER:  Correct, Your Honor.
18            THE COURT:  Okay.  And then, Mr. Hatley, who is Ms.
19   Woltman and how and why is she different from those identified
20   in Document 105?
21            MR. HATLEY:  Ms. Woltman is a parent of a student.
22   She's not a district employee, former or current.
23            THE COURT:  But you represent her too?
24            MR. HATLEY:  We represent her separately, Your Honor.
25   And we were able to get one on file for her because the
```