IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| CORECIVIC, INC., | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|            v. | )   Case No. 25-cv-02457-TC-GEB |
| | ) |
| CITY OF LEAVENWORTH, KANSAS, et al., | ) |
| | ) |
|    Defendants. | ) |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE MOTION FOR PRELIMINARY INJUNCTION AND DECLARATORY RELIEF**

CoreCivic's characterization of the City's motion as "procedural gamesmanship" is a textbook case of projection. Despite the Court's order denying CoreCivic's motion to file an overlength brief, CoreCivic flouted that order by filing a 15-page memorandum that had no statement of the factual basis for its motion and then attached to it a 13-page declaration by one of its attorneys, Bradley Simon, that is rife with legal argument. *That* is procedural gamesmanship.

CoreCivic offers to cure the City's first objection to its memorandum—the lack of a statement of facts—with a slightly revised memorandum in support (Doc 24-1) but offers nothing to eliminate the violation of D. Kan. R. 7.1(d)(3) caused by Mr. Simon's declaration. Contrary to CoreCivic's memorandum in opposition, Mr. Simon's declaration is "not a standard practice in this District to support motions like those before this Court." CoreCivic Mem. in Opp. at 4. Attorneys of record do not routinely submit declarations attesting to the soundness of their own client's legal positions, as Mr. Simon's does in ¶ 2 ("I submit this declaration, based on my personal knowledge and review of the referenced legal filings…so as to confirm CoreCivic's long-established right to operate a civil immigrant detention center at 100 Highway Terrace.")

Nor do attorneys of record submit declarations laying out the statutory or regulatory basis for their client's position, as Mr. Simon's does in ¶¶ 5-7; such is prototypical material for the argument portion of a memorandum in support or in opposition of a *client's* position.

Nor do attorneys of record in this Court submit declarations *arguing* their client's position, as Mr. Simon's does in several places. For instance, in ¶ 11, he asserts that "CoreCivic was not subject to the Dev. Regs.' Provisions regarding SUPs." In ¶ 12, he argues that the City adopted the Resolution rescinding CoreCivic's special use status "[i]n response to CoreCivic's announcement that it had agreed with ICE to house detainees at the Midwest Facility." (Never mind that Mr. Simon is no position to opine about what motivated the City Commission to adopt that Resolution.) In ¶ 13, he contends that the City Commission "incorrectly" proclaimed in the Resolution that CoreCivic's use of the property "as a jail or prison was discontinued and abandoned on or about January 1, 2022." Later in that same paragraph, he again argues that CoreCivic's property "never had or required a SUP and was not subject to the requirements of Sec. 2.04.C of the Dev. Regs." In ¶ 19, he contests the City's citation of Judge Robinson's criticism of CoreCivic's prior operation in Leavenworth and a 2017 Office of Inspector General report leveling other criticisms of CoreCivic, arguing that neither analyzed comparators to the Leavenworth facility. In ¶ 24, he purports to discern the intent of Leavenworth County District Court Judge John Bryant when Judge Bryant stayed certain decisions in the state court proceeding. And then, to top it all off, Section D of his declaration is an outright argument about the irreparable harm he claims will befall CoreCivic if this Court does not grant CoreCivic's motion for a preliminary injunction.

There is a simple reason an attorney acting as an advocate in a case does not offer declarations on matters going to the merits of a case: they are prohibited from doing so under Kan. R. Prof. Cond. 3.7. *See* Comment [2] to Kan. R. Prof. Cond. 3.7 ("A witness is required to testify

on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof.") *See also Int'l Resource Ventures, Inc. v. Diamond Min. Co. of America, Inc.*, 934 S.W.2d 218 (Ark. 1996) (construing the identical rule in Arkansas to prohibit an attorney from serving as an advocate in a case where he testified through an affidavit in opposing a motion to dismiss, rejecting the argument that Rule 3.7 applies only to trial testimony).

Aside from this improper conflation of Mr. Simon's role, the point of the City's motion to strike with respect to his declaration is that it effectively increases the length of CoreCivic's memorandum in support far beyond the 15 pages allowed by D. Kan. R. 7.01(d)(3). CoreCivic proposes nothing to address this issue. This means that the City must respond in only 15 pages to what is effectively a 28-page memorandum in support, because of how much of Mr. Simon's declaration is devoted to expanding on CoreCivic's legal arguments. Unless CoreCivic is ordered to refile its memorandum in support without Mr. Simon's declaration, the City's counsel will have to make difficult decisions about whether to skip responding to some point in those 28 pages, only then to be met with an argument that the City has effectively conceded a point by not responding to it. CoreCivic's suggestion that the City can choose to "ignore" an argument in Mr. Simon's declaration it believes to be improper, Memo. in Opp. at 3, is absurd. The City has no way of knowing that the *Court* will disregard something in Mr. Simon's declaration that the City chose to ignore, and the City would then have to explain (perhaps on appeal) why it did not preserve such an argument in this Court.

The pernicious nature of Mr. Simon's declaration is further shown by the fact that, by the City's count, CoreCivic cross-references it 13 times in its memorandum in support; in other words,

CoreCivic shortened its memorandum in support by relying upon longer arguments contained in Mr. Simon's declaration. Its proposed revised memorandum in support (Doc 24-1) perpetuates this trickery by adding five additional cross references to Simon's declaration, bringing the total to 18. CoreCivic essentially proposes to shorten its memorandum in support by increasing the amount of text from Mr. Simon's declaration the City and the Court must consider.

This Court rigorously enforces the page limits established by the Court's local rules, and as it clearly told counsel when it denied CoreCivic's motion for leave to file an overlength memorandum in support, the Court will ask the parties for supplemental briefing on specific points if it finds that necessary. The City's motion is not, as CoreCivic contends on page five of its memorandum, "a waste of judicial resources," but is instead intended to conserve them; this Court has declared time and time again that reading overlength briefs is not how it wishes to allocate its resources. The Court should therefore not endorse the chutzpah reflected by Mr. Simon's declaration, nor CoreCivic's refusal to fix the problem that declaration creates.

The Court should therefore strike CoreCivic's motion for preliminary injunction and the memorandum in support of that motion, including Mr. Simon's declaration. While the City has hearsay objections to some of the testimony in the declarations of Bart Verhulst and Juan Acosta attached as Exhibits B and C to CoreCivic's motion, those declarations are standard fare to support motions for preliminary injunctions and do not create the problems that Mr. Simon's declaration creates (though Mr. Simon's declaration also relies on inadmissible hearsay at times).

The City should not be required to respond to CoreCivic's motion for a preliminary injunction until 14 days after CoreCivic files a compliant memorandum in support. The City's motion is not, as CoreCivic suggests, an effort to get "additional time" to respond to that motion;

rather, it is an effort to enforce the even playing field that D. Kan. R. 7.1(d)(3) mandates, and that this Court has explicitly ordered.

Respectfully submitted,

SPENCER FANE LLP

/s/ David E. Waters
David E. Waters          KS #20773
Caleb P. Phillips        KS #26226
6201 College Boulevard, Suite 500
Overland Park, KS 66211
(913) 345-8100 (telephone)
(913) 345-0736 (fascimile)
dwaters@spencerfane.com
cphillips@spencerfane.com

W. Joseph Hatley         KS #12929
Angus W. Dwyer           KS #26995
1000 Walnut, Suite 1400
Kansas City, MO 64106
(816) 474-8100 (telephone)
(816) 474-3216 (facsimile)
jhatley@spencerfane.com
adwyer@spencerfane.com

ATTORNEYS FOR DEFENDANT CITY OF LEAVENWORTH, KANSAS

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2025, I filed this document utilizing this Court's electronic filing system, which will automatically transmit notice of the foregoing to all CM/ECF users.

/s/ David E. Waters

OP 4241147.1