## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CORECIVIC, INC.,                                  )
                                                  )
    Plaintiff,                 )
                                                  )
    v.                         )    Case No. 25-cv-2457-TC-GEB
                                                  )
CITY OF LEAVENWORTH, et al.,                      )
                                                  )
    Defendants.                )

## REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

CoreCivic argues that the Court must defer to the federal government's position because the case allegedly "affects relations with foreign nations." Doc. 44 at 6. There is no factual basis for this in the Complaint (*see generally* Doc. 1) nor in the federal government's Statement of Interest (*see generally* Doc. 27) and it can be disregarded on that basis. *Belcher v. United Healthcare Servs., Inc.*, 374 F. Supp. 3d 1102, 1106 (D. Kan. 2019).[1]

CoreCivic does not dispute, and thereby implicitly concedes, that the Supremacy Clause cannot supply the basis for a claim under 42 U.S.C. § 1983. It attempts to avoid this hurdle by claiming that its Section 1983 claims are based on putative violations of the Contracts Clause and its due process rights. Doc. 44 at 3-4. While the Complaint does reference the alleged contract between CoreCivic and ICE, it does not even purport to bring claims under the Contracts Clause or some variant of due process. Moreover, the Complaint does not allege facts sufficient to make out a plausible claim under the Contracts Clause, which only applies to new legislation that impairs an existing contract and not to administrative enforcement of existing law. *Vazquez-Velazquez v.*

---

[1] The Court can likewise disregard other factual contentions in the opposition brief—*e.g.*, that the Facility has only been used as a federal detention facility and that it has previously been used as an immigration facility (Doc. 44 at 6-7)—that are not based on allegations from the Complaint.

*Puerto Rico Highways and Transp. Auth.*, 73 F.4th 44, 51 (1st Cir. 2023), *citing New Orleans Waterworks Co. v. La. Sugar Refin. Co.*, 125 U.S. 18, 30 (1888). The Resolution was an administrative action enforcing the Development Regulations, which predated the putative contract between CoreCivic and ICE. Additionally, the Complaint does not allege that the requirement that CoreCivic obtain a SUP interferes with any specific provision of its alleged contract. *See RUI One Corp. v. City of Berkeley*, 371 F.3d 1137, 1151 (9th Cir. 2004). In fact, CoreCivic's refusal to supply either the Court or the City with its alleged contract renders impossible any informed analysis of such a claim.

Because CoreCivic has effectively conceded that it cannot assert a Supremacy Clause claim under Section 1983, the Court can disregard its remaining merits arguments, which are premised on the idea that CoreCivic *can* sue to enforce the Supremacy Clause. However, even if the Court were to consider the merits, it should still dismiss the case. With respect to intergovernmental immunity, there is a fundamental difference between the present suit and the cases CoreCivic cites: they all involved targeted efforts to ban certain practices that would have the effect of categorically prohibiting the federal government from using private contractors for immigration detention. *See CoreCivic, Inc. v. Governor of New Jersey*, 145 F.4th 315, 320 (3d Cir. 2025) (statute categorically prohibiting public or private prisons from "detain[ing] people for civil immigration violations"); *U.S. v. King Cnty., Wash.*, 122 F.4th 740, 748 (9th Cir. 2024) (county executive order requiring airfield to "not support the transportation and deportation of immigration detainees in the custody of Immigration and Customs Enforcement"); *Geo Grp., Inc. v. Newsom*, 50 F.4th 745, 750 (9th Cir. 2022) (statute entirely prohibiting private detention facilities). Here, there is no categorical ban on any set of practices, let alone one that specifically targets immigration enforcement. Nor does the Resolution "attempt[] to prevent [CoreCivic] from proceeding under" any contract.

2

(CoreCivic's Br., Doc. 44 at 16.) There is just a requirement that CoreCivic, like any entity seeking to operate a private prison in Leavenworth, first get a permit. This stands in stark contrast to the New Jersey and California cases, in which there was <u>nothing</u> that the private prison companies could do under those states' laws to provide detention services to ICE.

The same is true for preemption. The default rule is that state and local regulation within the historic police powers (such as, here, local land use) is not preempted "even if the law touches on an area of significant federal presence, including immigration." *Geo Grp.*, 50 F.4th at 761 (cleaned up). It is true that the presumption against preemption does not apply where states pass laws that attempt to specifically and directly regulate areas that are of exclusive federal concern. *See U.S. v. Locke*, 529 U.S. 89, 99-103 (2000) (state effort to directly regulate oil tankers, where federal interest in regulating "interstate navigation" had "been manifest since the beginning of our Republic" and maritime oil transportation had been subject to extensive federal regulation since the 1930s); *Skull Valley Band of Goshute Indians v. Nielson*, 376 F.3d 1223, 1227-30, 1240-42 (10th Cir. 2004) (state effort to directly regulate the disposal of spent nuclear fuel, where private nuclear power facilities had been subject to substantial federal regulation since the 1950s). This is obviously not the case here, where the direct scope of the regulation involves a traditional area of local concern (local land use) and the impact on a federal interest is merely an incidental consequence of the particular type of detention facility that CoreCivic wants to open. Likewise, none of the factors that lead the *Geo Grp.* court to find that the presumption against preemption did not apply are present here. The requirement that CoreCivic obtain an SUP does not "control federal operations," or attempt to control the relationship between CoreCivic and ICE, or, as discussed above, violate intergovernmental immunity. *See* 50 F.4th at 761-62. And even if the presumption against preemption did not apply, conflict preemption would still not bar either the

Resolution or the underlying requirement that CoreCivic obtain an SUP, since that requirement itself does not in any meaningful sense stand as an obstacle to broader federal immigration goals. Unlike with the categorical ban imposed by the California statute, CoreCivic could simply comply with the Resolution, obtain an SUP, and then immediately open an ICE detention facility. The SUP requirement is fundamentally no different from the requirement that, for example, the Facility's electrical wiring be up to code, which CoreCivic would presumably not contend operates as an obstacle to the federal mission.

CoreCivic's abstention arguments are built on a fundamental misrepresentation as to the state-court proceedings. Judge Bryant stayed the case before him because *he felt he was required by Kansas law to do so* pending the state-court appeal. Doc. 37-2 at 179-80. Judge Bryant's aside— that a ruling for CoreCivic in this case might also have the effect of mooting his injunction—does not in any way represent the state court "solict[ing] the federal court's view on a Constitutional question," as CoreCivic states. Doc. 44 at 14. This case is thus fundamentally distinguishable from *Southwest Air Ambulance, Inc. v. City of Las Cruces*, in which the state court had "stayed its own proceedings in favor of *federal* resolution of these issues." 268 F.3d 1162, 1178 (10th Cir. 2001) (emphasis added). Moreover, the issue in *Southwest Air Ambulance* was the lack of an "*ongoing* state prosecution," as required for *Younger* abstention. *Id.* (emphasis in original). Here, Defendants have moved not just on *Younger* grounds but also on *Burford*, *Colorado River*, and *Pullman* abstention, none of which require an ongoing state case to apply. *See* Doc. 42 at 8-12. Abstention therefore is appropriate, for the reasons stated in Defendants' opening brief.

It is indisputable that CoreCivic is trying to enjoin a state-court injunction. The only issue is whether claims brought under Section 1983 are *per se* exempt from the AIA ban. *CCMS Pub. Co. v. Dooley-Maloof, Inc.*, 645 F.2d 33 (10th Cir.1981), a breach of contract case with no Section

1983 claim (*id.* at 35), does not hold this. In that case, the federal court enjoined a <u>subsequent</u> state-court case that sought to relitigate the issues covered by its judgment—virtually the opposite of the fact pattern here. *Id.* at 38.  And while *Hickey v. Duffy*, 827 F.2d 234, 240 (7th Cir. 1987) involved only statutory 1983 claims, it confirms that *Mitchum v. Foster*, 407 U.S. 225 (1972) does not create a categorical exception for all § 1983 claims. In fact, CoreCivic's expansive reading of *Mitchum* conflicts with the majority view of the *Mitchum* rule pronounced in *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 645, 652-54 (1977), that Clayton Act claims could only justify enjoining state court suits where the state lawsuit <u>itself</u> was the anticompetitive act. Moreover, underlying abstention principles "show that the [*Mitchum*] exception must be used with restraint…. If the state's tribunal is competent to resolve the federal defense, then the litigation must continue in that forum." *Bethune Plaza Inc. v. Lumpkin*, 863 F.2d 525, 529 (7th Cir. 1988).

Finally, CoreCivic does not respond to the argument that the City Commissioners should be dismissed because the real party in interest is the City. It has thus conceded that argument and the individual Defendants are entitled to dismissal.

SPENCER FANE LLP

/s/ W. Joseph Hatley

| | | | |
|---|---|---|---|
| David E. Waters | KS #20773 | W. Joseph Hatley | KS #12929 |
| Caleb P. Phillips | KS #26226 | Angus W. Dwyer | KS #26995 |
| 6201 College Boulevard, Suite 500 | | 1000 Walnut, Suite 1400 | |
| Overland Park, KS 66211 | | Kansas City, MO 64106 | |
| (913) 345-8100 (telephone) | | (816) 474-8100 (telephone) | |
| (913) 345-0736 (facsimile) | | (816) 474-3216 (facsimile) | |
| dwaters@spencerfane.com | | jhatley@spencerfane.com | |
| cphillips@spencerfane.com | | adwyer@spencerfane.com | |
| | | ATTORNEYS FOR DEFENDANTS | |

OP 4348500.2