**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **CORECIVIC, INC.,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|     v. | )   Case No. 25-cv-2457-TC-GEB |
| | ) |
| **CITY OF LEAVENWORTH, et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS**

CoreCivic's motion for leave to file a surreply memorandum in opposition to the City's motion to dismiss is one of the more cynical documents CoreCivic has filed in the course of the parties' disputes over the past several months.

CoreCivic's complaint did not remotely suggest that it was pursuing a claim under the Contracts Clause to the U.S. Constitution. Rather, it purported to bring claims only under the Supremacy Clause. The City moved to dismiss those claims. Doc. 41 and 42. In its memorandum in opposition to the City's motion to dismiss, CoreCivic suggested, <u>for the very first time</u>, that the City violated the Contracts Clause. Doc. 44 at 9-10. The City's reply memorandum pointed out that CoreCivic had never asserted Contracts Clause claims, and showed in a few sentences why, in any event, CoreCivic's complaint did not plead facts from which a Contracts Clause claim could be constructed from the complaint. Doc. 47 at 1-2.

Now, CoreCivic has the audacity to say that the <u>City</u> has made arguments about the Contracts Clause for the first time, and that CoreCivic should therefore have an opportunity to respond to the City's arguments. CoreCivic would have the Court ignore the fact that the first mention of the Contracts Clause in this case came when CoreCivic opposed the City's motion to dismiss. The Court should reject CoreCivic's desperate ploy and deny CoreCivic's motion,

because any analysis of the Contracts Clause is immaterial to this case as it has been pled by CoreCivic.

If CoreCivic in fact wants to assert claims under the Contracts Clause, it must first move for leave to amend its complaint because more than 21 days have elapsed since the City moved to dismiss CoreCivic's original complaint. *See* Fed. R. Civ. P. 15(a)(1)(B). The City will have the right to oppose such a motion if it can show that a Contracts Clause claim would be futile. (As a practical matter, a Contracts Clause would likely be subject to dismissal or a stay under both the Anti-Injunction Act and the same abstention doctrines requiring the dismissal of CoreCivic's Supremacy Clause claims, for the same reasons CoreCivic's existing claims should be dismissed or stayed.) Alternatively, the City may move for the dismissal or stay of any such amended complaint once it is filed. That would be the appropriate time and manner in which to brief the merits of a claim under the Contracts Clause and to determine whether any such claim should suffer the same fate as the claims that CoreCivic has pled already.

CoreCivic has purported to plead § 1983 claims premised only on the Supremacy Clause. Those are the only claims before the Court and should be the only claims under discussion at the November 25 motion hearing. The Court should therefore deny CoreCivic's motion for leave to file a surreply memorandum.

SPENCER FANE LLP

| | |
|---|---|
| /s/ David E. Waters | W. Joseph Hatley           KS #12929 |
| David E. Waters           KS #20773 | Angus W. Dwyer           KS #26995 |
| Caleb P. Phillips           KS #26226 | 1000 Walnut, Suite 1400 |
| 6201 College Boulevard, Suite 500 | Kansas City, MO 64106 |
| Overland Park, KS 66211 | (816) 474-8100 (telephone) |
| (913) 345-8100 (telephone) | (816) 474-3216 (facsimile) |
| (913) 345-0736 (facsimile) | jhatley@spencerfane.com |
| dwaters@spencerfane.com | adwyer@spencerfane.com |
| cphillips@spencerfane.com | ATTORNEYS FOR DEFENDANTS |